15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Balwant SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70495.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 17, 1993.
Decided Jan. 27, 1994.
 
 Before: POOLE, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Singh argues that we lack jurisdiction to hear his petition, because his application for temporary residence as a special agricultural worker remains pending. But the record does not establish that he has filed such an application or that it is pending. The record includes a final order of deportation, on its face ripe for review on a petition to this court. Singh did not cause a copy of his alleged application to be included in the administrative record, to which our review is confined. 8 U.S.C. Sec. 1105a(a)(4). Although his attorney has represented that to his knowledge such an application was filed and remains pending, his information might be mistaken or out of date. There is only a declaration by Singh's attorney, stating that as of January 16, 1989, such an application was pending at that time, evidently based on the attorney's telephone discussions with someone at the INS about the application. Singh's attorney has not represented that he himself prepared, filed, or ever saw the application. This issue was raised in 1989 before the BIA, and the 1992 INS brief to this court said "petitioner has not offered any proof that he indeed applied for SAW status." No offer of a certified copy of the application, or copies of the application and subsequent rulings, or any other adequate proof based on first hand knowledge has ever been made to establish that there really is a pending application. We cannot, because of its confidentiality obligations under 8 U.S.C. Sec. 1160(b)(6), fault the INS for failing to search its record and produce proof for us of the status of Singh's application, if one was filed. Accordingly, we reject the challenge to our appellate jurisdiction over the final order of deportation. Because the existence of a pending special agricultural worker application has not been established, we need not consider the applicability of our recent decision in Yao v. INS, 2 F.3d 317 (9th Cir.1993).
 
 
 3
 Likewise, the BIA did not abuse its discretion by denying Singh's motion to hold his appeal in abeyance pending final disposition of his special agricultural worker application. The BIA, like us, was thwarted from looking at the claimed application and decisions thereunder because petitioner did not file any copies. As the BIA stated in its decision, Singh "has not indicated whether he was granted temporary residence" or "[made] any showing that he was eligible for such relief."
 
 
 4
 The BIA's denial of Singh's asylum application was not an abuse of discretion. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The BIA's factual findings are reviewed under the substantial evidence standard. "Reversal is warranted only where the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id.
 
 
 5
 Lack of credibility was the basis for the BIA's rejection of Singh's application. The reasons included an appearance of untruthfulness to the immigration judge, a discrepancy between the claim of three weeks detention on one arrest in his application, and two or three days detention on each of two arrests in his testimony, a claim to have been arrested on the way to school a year after he had quit school, and changes in his testimony about whether he was arrested twice or three times. "An IJ's credibility findings are given substantial deference by the reviewing court, but must be supported by a 'specific, cogent reason' for the disbelief." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992) (quoting Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987)). The reasons for disbelief were specific and cogent, so deference to the BIA's credibility findings is required. The inconsistencies were more substantial than those in the cases cited by Singh in which the BIA's credibility findings were reversed. Cf. Aguilera-Cota v. INS, 914 F.2d 1375, 1382 (9th Cir.1990). Vilorio-Lopez v. INS, 852 F.2d 1137, 1139 (9th Cir.1988) Martinez-Sanchez v. INS, 794 F.2d 1396, 1400 (9th Cir.1986) (immigration judge did not mention any specific inconsistencies, and court found only two minor ones).
 
 
 6
 The standard for withholding of deportation, "clear probability of persecution," is more stringent than the well-founded fear standard for asylum. INS v. Cardoza-Fonesca, 480 U.S. 421 (1987). The alien must show that it is more likely than not that he will be persecuted upon deportation. Acewicz, 984 F.2d at 1062. Because the BIA's finding that Singh did not meet the standard for asylum is supported by substantial evidence, a fortiori he did not meet the standard for withholding of deportation.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3